IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CV-117-FL

| | |
|---|---|
| YACHT BASIN PROVISION COMPANY, INC., d/b/a Provision Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOT FISH CLUB, LLC, d/b/a Inlet Provision Company; KATHY BATES; PHILLIP BATES; and CYNDI MORAN, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on plaintiff's motion for extension of time and for jurisdictional discovery (DE 30).[1] The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff commenced this action on June 28, 2021, alleging that defendants have infringed its trademarks, in violation of 15 U.S.C. § 1114, engaged in unfair competition and cybersquatting, in violation of 15 U.S.C. § 1125, engaged in unfair and deceptive trade practices, in violation of N.C. Gen. Stat. § 75-1.1 et seq., and unjustly enriched themselves, in violation of North Carolina common law. Plaintiff seeks compensatory and treble damages, injunctive relief, and attorneys' fees and costs.

---

[1] As noted herein, also pending is defendants' motion to dismiss for lack of jurisdiction and improper venue or, in the alternative, to transfer the case to the District of South Carolina (DE 21), which is not yet ripe. On October 18, 2021, the court entered a stay of plaintiff's obligation to respond to the motion pending disposition of the instant motion.

Plaintiff is a North Carolina-based corporation that operates a restaurant in Southport, North Carolina, named Provision Company, which asserts common law trademark rights in the PROVISION COMPANY mark as well as the registered mark YACHT BASIN PROVISION CO. Defendant Hot Fish Club, LLC,[2] ("Inlet Provision Company") is alleged to operate a restaurant named Inlet Provision Company in Murrells Inlet, South Carolina. Defendants Kathy Bates, Phillip Bates, and Cyndi Moran ("Moran") (collectively "individual defendants") are alleged to be the co-owners of defendant Inlet Provision Company.

On September 24, 2021, defendants moved to dismiss for lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3), or, in the alternative, to transfer the case to the United States District Court for the District of South Carolina, pursuant to 28 U.S.C. § 1404 (hereinafter "defendants' motion to dismiss"). Defendants' motion to dismiss relies on 1) a copy of defendant Inlet Provision Company's website and 2) affidavit of defendant Phillip Bates, part-owner of defendant Inlet Provision Company.

Subsequently, plaintiff moved for limited jurisdictional discovery in order to contest the claims made in defendants' motion to dismiss and for an extension of time to respond to defendants' motion to dismiss, contingent on its motion for jurisdictional discovery. In support, plaintiff relies on 1) its proposed jurisdictional discovery interrogatories and requests for production of documents and 2) affidavit of Maria Swenson, the owner and president of plaintiff. Defendants responded in opposition, relying on 1) supplemental affidavit of defendant Phillip Bates, 2) affidavits of defendants Kathy Bates and Moran, and 3) their responses to plaintiff's proposed jurisdictional discovery interrogatories.

---

[2] Defendants contend that this is a misnomer, as Hot Fish Club, LLC, is instead a separate, unrelated entity, and that PKC Investments LLC is the South Carolina-based entity that operates the restaurant in question. (See Phillip Bates Aff. (DE 22-2) ¶¶ 8-10).

# COURT'S DISCUSSION

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016). If the court "addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive," id. at 268, with the court "draw[ing] all reasonable inferences arising from the proof, and resolv[ing] all factual disputes, in the plaintiff's favor." Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

However, if the court "requires the plaintiff to establish facts supporting personal jurisdiction by a preponderance of the evidence prior to trial, it must conduct an 'evidentiary hearing.'" Grayson, 816 F.3d at 268. "[A]n 'evidentiary hearing' requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments." Id. This may be accomplished by "limited discovery . . . to explore jurisdictional facts," the grant or denial of which is within the discretion of the court. Mylan, 2 F.3d at 64; Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

In deciding which standard to apply to a Rule 12(b)(2) motion, the United States Court of Appeals for the Fourth Circuit has guided that "[w]hen personal jurisdiction is properly challenged

3

under Rule 12(b)(2)," Carefirst, 334 F.3d at 396, and "the existence of jurisdiction turns on disputed factual questions," Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989), the "better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter," Grayson, 816 F.3d at 268, "applying a preponderance of the evidence standard." SEC v. Receiver for Rex Ventures Grp., LLC, 730 F. App'x 133, 136 (4th Cir. 2018); see also Pandit v. Pandit, 808 F. App'x 179, 183 (4th Cir. 2020) ("Jurisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction."). However, where "plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst, 334 F.3d at 402.

Here, "plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction," Pandit, 808 F. App'x at 183, which defendant disputes. (Compare, e.g., Phillip Bates Aff. (DE 22-2) ¶ 17 ("Plaintiff's allegation . . . that . . . 'the Owner Defendants have visited Plaintiff in their personal capacity, and have visited Plaintiff in their capacity as owners and partners of Inlet Provision Company for purposes of analyzing market competition' is false."); Kathy Bates Aff. (DE 32-2) ¶ 15, with Swenson Aff. ¶ 3 ("Phillip Bates has personally visited Provision Company.")). Plaintiff offers more than speculation or conclusory assertions about defendants' contacts with the state, although defendant disputes the factual veracity of those allegations. (Compare, e.g., Am. Compl. (DE 7) ¶ 14 ("[C]ustomers from this State and District have subscribed to Defendants' mailing list and receive such emails from Defendants."), with Phillip Bates Supp. Aff. (DE 32-1) ¶ 5 ("Defendants have never sent any email to any customer or potential customer in North Carolina, or anywhere else.")).

Accordingly, rather than the "disfavored" approach of holding plaintiff only to a "prima facie showing that personal jurisdiction exists," Receiver for Rex Ventures, 730 F. App'x at 136, the court follows "the better course" and "requires the plaintiff to establish facts supporting personal jurisdiction by a preponderance of the evidence prior to trial." Grayson, 816 F.3d at 268; see, e.g., Brooks v. Motsenbocker Advanced Devs., Inc., 242 F. App'x 889, 890 (4th Cir. 2007). Therefore, the court must "afford the parties a fair opportunity to present . . . the relevant jurisdictional evidence." Grayson, 816 F.3d at 268. This will be accomplished, here, through "consider[ation] [of] jurisdictional evidence in the form of depositions, interrogatory answers, admissions, or other appropriate forms," rather than "live testimony" at "a hearing." Id. at 268-69. Fulsome, but limited, discovery on the issue of personal jurisdiction will allow "the parties . . . a fair opportunity to present to the court the relevant facts . . . before it rules on the motion" to dismiss. Grayson, 816 F.3d at 269.

Accordingly, plaintiff's motion for jurisdictional discovery is granted. After reviewing the discovery proposed in plaintiff's motion, the court orders the following:

1. Defendants shall answer or respond to the interrogatories and requests for production of documents attached to plaintiff's memorandum in support of its motion (DE 31-1) within **30 days** of entry of this order, supplementing their preliminary responses to the interrogatories, (DE 32-4), if they wish.

2. There shall be no more than 3 depositions by plaintiff, limited solely to topics related to existence of personal jurisdiction.

3. All jurisdictional discovery shall be completed within **45 days** of entry of this order.

4. Within **10 days** of the close of jurisdictional discovery, the parties shall file a joint report with proposed order, if there is agreement, setting forth a briefing schedule

regarding resolution of defendants' motion to dismiss, including, if necessary, date certain for defendants to file a supplemented memorandum in support of their motion.

## CONCLUSION

Based on the foregoing, plaintiff's motion (DE 30) is GRANTED, and discovery and proposals for briefing on defendants' motion shall proceed as described herein. The stay imposed October 18, 2021, remains in force pending further order of the court upon joint report of the parties as directed herein.

SO ORDERED, this the 13th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 7:21-cv-00117-FL   Document 33   Filed 12/13/21   Page 6 of 6